IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN REES,                      :

    Petitioner,              :

v.                              :
                                       CIVIL ACTION 04-0368-WS-M

TERRANCE MCDONNELL,             :

    Respondent.              :

REPORT AND RECOMMENDATION

    This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that the habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Terrance McDonnell and against Petitioner John Rees on all claims.

    Petitioner was convicted of first degree rape and first degree sexual abuse in the Circuit Court of Baldwin County on April 8, 2003 for which he received sentences of life and ten years, respectively, in the state penitentiary (Doc. 4, pp. 2-3; Doc. 9, Exhibit A, pp. 1-3).  Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and sentence (Doc. 3, Exhibit 3).

Petitioner filed a complaint with this Court on June 8, 2004, raising the following claims:  (1) Evidence used against him was unconstitutionally seized; (2) evidence used against him was not disclosed prior to trial; (3) he was denied the effective assistance of counsel; (4) the two charges on which he was convicted are the same crime; (5) there was insufficient evidence to convict him (Doc. 3; *cf.* Doc. 9, p. 4).  Petitioner has responded to the petition, arguing that this action should be dismissed as the claims raised herein are procedurally defaulted (Doc. 9, pp. 5-9).

The Court notes that Petitioner acknowledges that he did not seek rehearing of the dismissal of his appeal by the Alabama Court of Criminal Appeals or seek *certiorari* in the Alabama Supreme Court (Doc. 3, pp. 3-4).  Alabama Rules require that a convicted criminal defendant, whose appeal has been dismissed by the Alabama Court of Criminal Appeals, seek a petition for rehearing within fourteen days with the Alabama Court of Criminal Appeals; following that rehearing—or the denial thereof—the petitioner must seek *certiorari* in the Alabama Supreme Court.  Ala.R.App.P. Rules 39, 40.  Because Petitioner did not pursue the claims raised in this action in a timely fashion before the Alabama Court of Criminal Appeals and the Alabama Supreme Court, they are procedurally defaulted

under *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[W]e conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

However, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals, in addressing the review of procedurally defaulted claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review.  If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985).  A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental miscarriage of justice. *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise these five claims in a timely manner in the State courts (*see* Doc. 13).  Furthermore, Rees has not shown that this Court's failure to discuss the merit of these claims will result in a fundamental miscarriage of justice being visited upon him.  Therefore, the Court considers the five claims raised in this Court to be procedurally defaulted and the Court will not address their merit.

Based on the Court's review of the evidence of record, this Court finds that Petitioner's five claims are procedurally defaulted.  Therefore, it is recommended that Petitioner's habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Terrance McDonnell and against Petitioner John Rees on all claims.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir.

1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 20th day of July, 2005.

                            s/BERT W. MILLING, JR.
                            UNITED STATES MAGISTRATE JUDGE